Virginia

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| **Antoine Poteat**<br>SCI-Mahanoy<br>301 Morea Road<br>Frackville, PA 17932<br>　　　Plaintiff<br><br>v.<br><br>**Chris Jenkins**<br>Chief Culpeper Sheriff's Office<br>14023 Public Safety Courtl<br>Culpeper, VA 22701<br><br>**Officer Cole**<br>Culpeper Police Department<br>740 Old Brandy Road<br>Culpeper, VA 22701<br><br>**Sgt. M.K. Wooten**<br>Culpeper Sheriff's Office<br>14023 Public Safety Court<br>Culpeper, VA 22701<br><br>**Scott Jenkins**<br>Chief Culpeper Police Department<br>740 Old Brandy Road<br>Culpeper, VA 22701<br>　　　Defendants<br>_____/ | Case No. 3:17CV00051 |

# COMPLAINT

Plaintiff Antoine Poteat, by and through counsel, files this Complaint against defendants against the above-listed Defendants for loss of his liberty based on knowingly false charges placed on him by Defendants Wooten and Cole, and states as follows:

1

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 AND 1334(A)(3)-(4) and 42 U.S.C. § 1983 and venue is proper.

## INTRODUCTION

This action seeks compensatory and punitive damages against Defendants Story for actions that violated Plaintiff Poteat's constitutional rights under the Fourth Amendment and also violated Plaintiff's rights under state law. As a result, Plaintiff suffered loss of his liberty severe and permanent injury and suffers from physical and psychological pain.

## PARTIES

1. At all relevant times herein, Antoine Poteat was a resident of the State of Virginia.

2. At all times relevant herein, Defendant Cole was a member of the Culpeper Police Department and defendants Wooten and Jenkins were members of the Culpeper Sheriff's Office, and were acting within the scope of his employment under color of state law.

## FACTS

3. The allegations contained in paragraphs 1-2 of the complaint are incorporated by reference herein.

2

4. On March 19, 2015 Plaintiff Antoine Poteat, while driving his car on Route 29 N, in Culpeper, Virginia, was pulled over by Defendant Wooten.

5. Wooten told Plaintiff that he was pulled over because his taillights were too bright.

6. Plaintiff stated it was a new car and had recently passed inspection.

7. Wooten told Plaintiff he wasn't going to write him a ticket but would check for outstanding warrants, of which there were none.

8. Within minutes after being pulled over, approximately four Culpeper police officers appeared on the scene with a drug sniffing dog.

9. Plaintiff asked why his car was being searched without a warrant and did not consent.

10. The dog was walked around the car by Defendant Cole who would bang on the car, apparently to get the dog to alert..

11. The dog did not alert, but Cole and Wooten said it did.

12. The Culpeper officers, including Cole, searched the interior of the car and claimed they found a residue drugs.

13. The Culpeper officers, including Cole, then searched the truck and found nothing.

14. Wooten handcuffed Plaintiff and told him to open his mouth.

3

15. As Plaintiff did so, Wooten grabbed Plaintiff's throat and then yelled that Plaintiff had swallowed a "white chunk" which Wooten claimed was cocaine, and the Culpeper officers agreed.

16. Plaintiff said he didn't swallow anything.

17. Plaintiff was transported to jail by Wooten and was charged with Driving While Intoxicated.

18. Plaintiff was subjected to a blood test while incarcerated and the results of the test showed no trace of alcohol or drugs in Plaintiff's system

19. He was held for approximately twenty-four and was then released on bond.

20. On July 27, 2015, the DWI was nol prossed.

## COUNT I

### (4th Amendment-Unreasonable Search and Seizure)

21. The allegations contained in paragraphs 1-20 are realleged and incorporated by reference herein.

22. Defendants Wooten and Cole while acting under color of law and within the scope of their employment illegally searched Plaintiff's person and car without probable cause and without a warrant thereby violating Plaintiffs Fourth Amendment right to be free of unreasonable search.

23. Defendant Wooten arrested Plaintiff without a warrant, without probable cause and did so knowingly, and did so knowing the charge of DWI was false and fabricated.

4

24. Defendant Cole assisted in the arrest without a warrant or probable cause and did so knowing the charge of DWI was fabricated and did nothing to stop it.

25. The actions of Wooten and Cole were objectively unreasonable, violated Plaintiff's Fourth Amendment rights, and were done with malicious intent knowing there was no evidence to support the arrest.

26. The actions of Wooten and Cole were malicious in nature, shocking to the conscience and done with willful and reckless disregard for plaintiff's right to liberty and well being.

As such, Wooten and Cole are jointly and severally liable to Plaintiff in the amount of $300,000.00 in compensatory damages and $300,000 in punitive damages.

## COUNT II
### (Malicious Prosecution)

27. The allegations contained in paragraphs 1-26 are realleged and incorporated by reference herein.

28. The actions of Wooten and Cole were done with malicious intent knowing that they had committed illegal searches and arrested and charged Plaintiff with a crime they knew he did not commit.

29. The charge against Plaintiff was nol prossed by the Commonwealth Attorney's office.

30. The actions of Wooten and Cole as set forth above were objectively unreasonable and constituted a knowing abuse of their authority.

As such, Defendants Wooten and Cole are jointly and severally liable to Plaintiff in the amount of $300,000.00 in compensatory damages and $300,000.00 in punitive damages.

### (Count III)

### (Negligent Training and Retention)

31.     The allegations contained in paragraphs 1-30 are realleged and incorporated by reference herein.

32.     Based on the actions of Wooten and Cole, as set forth above, Defendants Chris Jenkins and Scott Jenkins failed to train them in the legal basis for a warrantless search, a legal basis for an arrest without a warrant, and the evidentiary basis for charging a citizen with the criminal offense of DWI.

As such, defendants Chris Jenkins and Scott Jenkins are jointly and severably liable to the Plaintiff, Antoine Poteat in the amount of $100,000.00 in compensatory damages.

### JURY TRIAL DEMAND

Plaintiff Antoine Poteat demands a jury trial on all issues set forth herein.

Antoine Poteat

By:

*/s/Donald F. Rosendorf*
Donald F. Rosendorf (VSB 17683)
1513 King Street
Alexandria, VA 22314
703-838-7770 (ph)
703-548-9756 (fax)
drosendor@aol.com
Counsel for Plaintiff