CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
2/19/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
 DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANTOINE POTEAT, <br>     *Plaintiff,* <br><br> v. <br><br> CHRIS JENKINS, ET AL, <br>     *Defendants.* | CASE NO. 3:17-CV-00051 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

On April 30, 2025, *pro se* plaintiff Antoine Poteat moved, under Federal Rule of Civil Procedure 60(b)(6), to vacate the 2017 order of dismissal in this case. Dkts. 4, 6. The Court denied his motion as untimely filed. Dkt. 8. Poteat now moves the Court to reconsider its denial under Rules 59(e) and 60(b)(6).[1] He asserts that the Court committed legal error, under Rule 59(e), by failing to consider several of the arguments raised in his motion to vacate, including, (1) his attorney's abandonment and misconduct; (2) his *pro se* status; (3) his wrongful incarceration; and (4) his attorney's "disbarment" and ongoing listing as counsel of record. Dkt. 9 at 4-5. He further asserts that these events, along with "newly discovered evidence and intervening legal authority," constitute "extraordinary circumstances" that warrant relief under Rule 60(b)(6). Dkt. 9 ¶ 7.

Amending a judgment under Rule 59(e) is "an extraordinary remedy which should be

---

[1] Shortly after filing this motion, Poteat filed a notice of appeal. Dkt. 10. Although a notice of appeal normally divests a district court of jurisdiction, the Fourth Circuit has held that a district court retains jurisdiction over Rule 59(e) and 60(b) motions. *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999).

used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402-03 (4th Cir. 1998). There are three limited grounds under which a district court may grant a 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchingson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). However, "mere disagreement with the court's ruling does not warrant [granting] a Rule 59(e) motion," and further, Rule 59(e) may not be used "to make arguments that could have been made before the court issued its ruling." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002); *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819-20 (E.D. Va. 2019) (citing *Staton*, 994 F.2d at 1081).

Similarly, under Rule 60(b)(6), a court may relieve a party from a final judgment under a showing of "extraordinary circumstances." *Valero Terrestial Corp. v. Paige*, 221 F.3d 112, 118 (4th Cir. 2000). But, where a Rule 60(b) motion simply asks the Court to "change its mind" or reconsider arguments previously made, the motion is improper. *U.S. v. Williams*, 647 F.2d 310, 313 (4th Cir. 1982).

### 1. Attorney Abandonment and *Pro Se* Status

Poteat argues that he is entitled to relief under 59(e)'s third provision, "to correct a clear error of law or prevent a manifest injustice." *Staton*, 994 F.2d at 1081. He first asserts that the Court committed legal error when it failed to consider his attorney's abandonment and misconduct. However, the Court did consider his arguments regarding the alleged misconduct and abandonment and ultimately found that his motion was untimely. *See* Dkt. 8 at 3. ("Poteat offers no compelling justification for his long delay in seeking to vacate the 2017 judgment, which he learned of in 2018. Even if it is true that he was attempting to contact his attorney from

2

'2018 to 2021' he does not offer justification for the remaining four-year delay in bringing this motion.").[2] His pending motion before the Court offers no additional facts to justify the delay. Simply put, Poteat's "disagreement" with the Court's prior ruling as to the motion's timeliness "does not warrant [granting his] 59(e) motion." *See Staton*, 994 F.2d at 1081.

Next, Poteat argues that the Court failed to consider his *pro se* status and did not extend him the degree of leniency ordinarily afforded to *pro se* litigants. Once again, this contention is inaccurate. The Court considered his *pro se* status, noting his attorney's abandonment, but ultimately decided that a lapse of four years is not "reasonable" under Rule 60(b)(6). *See Erickson v. Paradus*, 551 U.S. 89, 94 (2007); *see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (finding two-year delay unreasonable); *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (observing that a delay of two and a half years "would be inordinate under any circumstances"); *see* Dkt. 8 at 4.

2. **Wrongful Incarceration and Improperly Listed Attorney**

Poteat further argues that the Court committed legal error by not considering that (1) he was "wrongfully incarcerated until 2019, which rendered him unable to monitor or act in his case independently"; and (2) his attorney continues to remain listed as his counsel of record, despite him being "disbarred" and "prohibited from practicing law" which creates ongoing "confusion and prejudice." Dkt. 9 at 5. However, neither of these arguments were raised in his motion to vacate. *See* Dkt. 6. Thus, Poteat is correct that the Court did not consider them when ruling on

---

2    Likewise, the Court considered Poteat's argument pertaining to newly discovered evidence, but found that it too, was untimely. *Id.* at 4. ("Poteat argues that newly discovered evidence 'corroborates [his] original claims,'" however, because "Rule 60(c)(1) provides that all motions premised on the discovery of new evidence … must be made within one year of the original judgment," this argument is "untimely.").

3

his motion, but, as he did not present them, this lack of consideration was not due to any error of the Court.

As noted above, Rule 59(e) motions may not be used to raise "new" arguments or present "new" evidence which could have been raised prior to the entry of judgment. *Pacific Ins. Co.*, 148 F.3d at 403. However, even if it were appropriate to evaluate these new arguments, they do not warrant relief under Rules 59(e) or 60(b)(6). The Court has already found in its prior order that the unexplained delay between 2021 and 2025 rendered the motion untimely. Thus, even assuming as true that Poteat was wrongfully incarcerated until 2019, this does not provide any justification or context to the four-year delay between 2021 and 2025.

Finally, Poteat does not explain how his former attorney remaining listed as counsel of record on the docket has prejudiced him in such a way that he could not file his motion before April 30, 2025. Between the 2017 dismissal and the 2025 motion to vacate, there was no activity in the case. His former attorney's mere continued appearance on the docket did nothing to change Poteat's ability to file his motion to vacate at any time after he learned of the dismissal in 2018 or after he allegedly learned of his attorney's abandonment in 2021. Notably, his former attorney was still listed as counsel of record when he filed his April 2025 motion. Poteat offers no compelling explanation for why he was able to bring his *pro se* motion in April but purportedly was unable to do so in the years prior.

In short, Poteat has failed to set forth any facts that call into question the Court's earlier determination that his motion to vacate was untimely filed. He has also not alleged any new "extraordinary circumstances" that would warrant relief under Rule 60(b)(6).

For the reasons stated above, Poteat's motion is **DENIED.** Dkt. 9.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all parties.

Entered this 19th day of February, 2026.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE